**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RANDAL WARDLE,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:09-CV-0795-D |
| ) | |
| **U.S. TREASURY DEPARTMENT,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is an unspecified civil action brought by a *pro se* litigant.

Parties:   Plaintiff resides in Dallas, Texas.  Defendant is the United States Treasury Department.  The court did not issue process in this case pending preliminary screening.

Statement of the Case:  On April 29, 2009, Plaintiff filed a complaint alleging *inter alia* "bankruptcy harassment" and forced administration of medications that are against his religion. He sought monetary relief.

On May 8, 2009, the court issued a deficiency order notifying Plaintiff that his complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure, and that he needed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*.  The order directed Plaintiff to cure the deficiencies within thirty days and cautioned him that failure to comply with the order

would result in a recommendation that the complaint be dismissed for failure to prosecute.

On May 13, 2009, Plaintiff submitted a motion for leave to proceed *in forma pauperis* along with a proposed amended complaint, which alleged *inter alia* "[s]eductive harassment oppression (religious persecution)." He sought monetary relief.

By order dated June 18, 2009, the court ordered that the complaint be stricken because it was not signed as required by Rule 11, Fed. R. Civ. P. The court then ordered Plaintiff to file an amended complaint in compliance with Rule 8(a) within twenty days. The order notified Plaintiff that failure to comply would result in the dismissal of the complaint for want of prosecution. As of the date of this recommendation, Plaintiff has failed to comply with the order filed on June 18, 2009.

<u>Findings and Conclusions</u>: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit an amended complaint in compliance with Rule 8(a). He has refused or declined to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out

higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 30th day of July, 2009.

 

 

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.